Case 8:14-cr-00518-JKS   Document 22   Filed 05/15/15   Page 1 of 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No. JKS 14-518 |
| CHERIE SIEBERT | * |

## MEMORANDUM OPINION

Presently pending is the government's motion to reconsider the court's March 26, 2015 Judgment. ECF No. 20. At issue is whether, pursuant to Fed. R. Crim. P. 35, the court committed clear error in fashioning a criminal judgment which provided that Defendant's payment of $3,643.00 in restitution would be a "global settlement" of the debt she owed to the government. The issue has been fully briefed and no hearing is necessary. *See* Local Rule 105.6. For the reasons set forth below, the government's motion is denied.

**1. Background.**

The following facts, paraphrased from the plea agreement, ECF No. 7-1, were provided by the government and agreed to by Defendant, Cherie Siebert.

Defendant is an employee of the Smithsonian Institution who reported an on the job injury in July 2000. Later that year, she applied for disability compensation benefits from the U.S. Department of Labor's Office of Workers Compensation Programs (OWCP). She has received compensation benefits since April 2001, at monthly rates that have ranged between $1,900 to $2,400.

In annual filings made to justify continued receipt of disability benefits on a Department of Labor Form 1032, Defendant certified that she had engaged in no self-employment or involvement in business enterprises during the past 15 months. In truth, however, in or around 2004, Defendant and her husband started a small internet craft business called "Artsfish" which

was operated from their Maryland home.  Defendant advertised their wares on various websites, claimed that she had "designed artisan jewelry since 2004" and cited her prior work experience as an exhibits specialist at the Smithsonian Institution.  From 2005 to 2014, Artsfish generated $6,331.25 in sales and never generated an operating profit.

Defendant submitted her most recent Form 1032 on May 1, 2013, from her home in Hyattsville, Maryland.  Since 2005, when her Form 1032 submissions would have begun containing material misstatements regarding her self-employment and involvement in business enterprises, Defendant received over $216,000 in Federal disability benefits from OWCP.

The plea agreement did not include an agreement as to the appropriate amount of restitution.  The government contended that its estimated loss from January 4, 2009, to May 1, 2013, was valued at $35,722.85.  ECF Nos. 14 at 1; 14-1 at 2.  Defendant, however, contended that the proper restitution amount was her actual earnings from February 1, 2012 to May 1, 2013, which amounted to $3,643.00.  ECF No. 13 at 5.  The court accepted the amount proffered by Defendant.

**2.  Standard of Review.**

Federal Rule of Criminal Procedure 35 states: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  The authority of the district court to modify a sentence pursuant to Rule 35 is severely limited. *United States v. Layman*, 116 F.3d 105, 108 (4th Cir. 1997).  The rule "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence." *Id.* (quoting Fed. R. Crim. P. 35 advisory committee's note).  "Furthermore, the Committee did not intend that the rule relax any requirement that the parties state all objections to a sentence at

or before the sentencing hearing." Fed. R. Crim. P. 35 advisory committee's note. Accordingly, only clear error would warrant a modification of this sentence.

### 3. Discussion.

As a rule, a criminal judgment does not limit a victim's pursuit of damages through alternative proceedings. *Hudson v. United States*, 522 U.S. 93, 99 (1997). Citing general sentencing provisions in Fed. R. Crim. P. 32 and Title 18 of the United States Code, the government contends that the court lacked authority to order that its judgment constitutes a global settlement of the government's claims against Defendant. However, the victim of Defendant's fraud, the Department of Labor, has specifically acknowledged that courts do have authority to order that payment of restitution constitutes a global settlement:

> If the court order states that the restitution amount will be in full satisfaction of the debt owed the United States (a "Global Settlement"), the Court Order takes precedence over the [Department's] administrative debt collection process. In such cases, if the restitution amount is less than the outstanding debt principal balance, the principal balance must be reduced to the restitution amount set by the court.

Federal (FECA) Procedure Manual, Part 6-Debt Management, Debt Liquidation, Chapter 6.300.19 (September 1994); *see also United States v. Lansing*, 71 F. App'x 84, 86, 88 (2d Cir. 2003) ("The Department of Labor's deferential policy toward restitution judgments evidences its respect for the considered judgment of sentencing courts."). In *Lansing*, the Court held that a judgment could not be altered to reflect the court's intent to trigger this policy, reasoning that such intent cannot be implemented without a "specific directive . . . to include the necessary language in the judgment." *Id.* Here, there was a specific directive, entered pursuant to the court's authority as acknowledged by *Lansing* and the Department of Labor.

The government also contends that deeming the restitution award a global settlement effectively adds a new term to the plea agreement. However, the plea agreement states: "This

Office agrees not to pursue any civil claims against the Defendant so long as the Defendant fully satisfies the financial aspects of the judgment imposed by the Court at sentencing." ECF No. 7 at 4. Because the government has the authority to bind the agency to a global settlement, ECF No. 20 at 1-2, it is not clear error to interpret this language as an agreement that Defendant's payment of the judgment would fully satisfy her debt.

Finally, the government argues that even if the court had the authority to order a global settlement, that authority is limited to the period covered by the count of conviction. The government notes that the court considered restitution only for that period, as required by *U.S. v. Altvater*, 592 F. App'x. 174, 178 (4th Cir. 2014). But the government cites no authority for the proposition that the limit on the restitution period also limits the court's authority to incorporate in its judgment an agreement to refrain from pursuing "*any* civil claims" against Defendant. (Emphasis supplied.)

Accordingly, the government's motion to reconsider its judgment is denied.

Date: May 15, 2015                                        /S/
                                                    Jillyn K. Schulze
                                              United States Magistrate Judge